### CHAMBERS & McKEE GLASS CO. v. ROBERTS et al.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

ATTACHMENT—AFFIDAVIT—STATEMENT OF CAUSE OF ACTION.

　　A statement in an affidavit for attachment that an indebtedness exists, and that it is for goods sold and delivered by the plaintiff to the defendant

at an agreed price, which sum the defendant promised to pay, but has not paid, is not an averment that such goods were in fact sold and delivered, and is insufficient.

Appeal from special term, New York county.

Action in attachment by the Chambers & McKee Glass Company against David H. Roberts. John S. Huyler, a junior attaching creditor, moved to vacate the warrant of attachment, and from an order denying such motion in part, and permitting the plaintiff to modify its attachment by reducing the amount, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Thomas D. Adams, for appellant.
J. Adriance Bush, for respondent.

INGRAHAM, J. This is an appeal from an order denying a motion of the appellant, a junior attaching creditor, to vacate an attachment granted in this action. The attachment granted in this action was upon the affidavit of one Brickell, who swears that he is vice president and treasurer of the plaintiff, and has full knowledge of its affairs. There is no complaint, and the affidavit sets up four separate items, aggregating $94,094.11; and an attachment was issued directing the sheriff to attach property to satisfy the plaintiff's demand to that amount. On a motion to vacate this attachment the court below found that the affidavit was not sufficient as to the third separate item or cause of action set forth in the affidavit, and reduced the attachment by deducting therefrom the amount of such cause of action insufficiently proved, which, in effect, amended the attachment by changing the amount from $94,094.11 to $25,181.91. We think the affidavit upon which the attachment was issued was entirely insufficient to show that a cause of action existed in favor of the plaintiff against the defendant. The only allegation as to the cause of action existing in favor of the plaintiff is that "the vice president and treasurer of the plaintiff swears that the defendant's indebtedness is as follows." Then follow four separate items, aggregating $94,094.11. The affidavit then states as to the first item as follows: "The first of said amounts, to wit, one thousand nine hundred and twenty-nine dollars and ten cents, is for goods, wares, and merchandise, to wit, glass, sold and delivered by plaintiff to defendant at the city of Pittsburgh, Pa., between the 1st day of November, 1895, and the 5th day of November, 1895, at the agreed value and price of $1,-929.10, which said sum said defendant promised and agreed to pay plaintiff therefor, but no part of which has been paid, although duly demanded." There is here no allegation of a fact to show the existence of the cause of action. The allegation that the first amount that is claimed to be due the plaintiff from the defendant is for goods, wares, and merchandise sold is not an allegation that any of those goods, wares, and merchandise were sold or delivered to the defendant, or that the defendant agreed to pay therefor. The person swearing to the affidavit might have told the truth, al-

though he never saw the defendant, and had no personal knowledge of such sale or delivery.    The fact that a claim against a person is for money loaned or goods sold and delivered depends upon the nature of the claim, and an allegation of the nature of such claim does not tend in any way to show that the claim is a valid one.    To entitle the plaintiff to a warrant of attachment he must show by affidavit that a cause of action exists against the defendant.    He does not show that such a cause of action exists by merely stating that an indebtedness exists, and that such indebtedness is for goods sold and delivered by the plaintiff at an agreed price, which sum the defendant promised to pay.    There is here no allegation that the said goods were in fact sold and delivered, but only that plaintiff's claim is for goods sold and delivered.    We think, therefore, that there was no evidence before the judge who granted the attachment that a cause of action existed against the defendant, and for that reason the attachment should have been vacated.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion to vacate the attachment granted, with $10 costs.    All concur.